**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **EILEEN LEVERING,** | : | |
| | : | |
| Plaintiff, | : | Case No. 2:07-CV-989 |
| | : | |
| v. | : | **JUDGE ALGENON L. MARBLEY** |
| | : | |
| **CHERYL HINTON, et al.,** | : | Magistrate Judge King |
| | : | |
| Defendants. | : | |
| | : | |

**OPINION AND ORDER**

**I. INTRODUCTION**

Plaintiff Eileen Levering brings this action against Defendants, Cheryl Hinton, Individually, Mary Garringer, Individually, Terry Nicholson, Individually, Dorothy Leslie, Individually, Judith Herzog, Individually, Gloria Scurry, Individually, Stephen Connelly, Individually, Teresa Lasseter, Administrator, United States Department of Agriculture (USDA), Dorothy Leslie, The Ohio Farm Service Agency Committee, Ohio Farm Service Agency State Office, and Mike Johanns, Secretary, United States Department of Agriculture.  Plaintiff's claims include age and sex discrimination under the Age Discrimination in Employment Act (ADEA) and Title VII, retaliation claims under the ADEA and Title VII,  First and Fifth Amendment claims under the United States Constitution, violation of the Privacy Act, breach of contract, and various claims under Ohio law.  Defendants now move to dismiss all claims pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).[1]  For the reasons stated below, Defendants'

---

[1] Initially, Defendants brought this motion as a motion to dismiss, or in the alternative, a motion for summary judgment.  Plaintiff filed a Federal Rule of Civil Procedure 56(f) motion requesting a continuance of summary judgment consideration pending further discovery.  The Court granted Plaintiff's Rule 56(f) motion, and thus the only dispositive motion currently before

motion is **GRANTED** in part and **DENIED** in part.

## II.  BACKGROUND

Plaintiff Eileen Levering was employed as a program technician by the Morrow County Farm Services Agency ("Morrow County FSA")[2] in Mount Gilead, Ohio.  Levering had a twenty-one year career with the Morrow County FSA before being terminated on March 14, 2006.  At all relevant times, Levering was over forty years old.

Levering began having problems at work after Defendant Cheryl Hinton was hired in 2003 for the supervisory position of County Executive Director for the Morrow County FSA.  During a December 2004 staff meeting, Levering openly complained about Hinton's treatment of the employees she supervised at the Morrow County FSA, including herself.  Specifically, Levering alleges that Hinton targeted her for intense scrutiny, was verbally abusive, documented every statement that Levering made while at work, and made comments to the effect that she disliked working with older women.[3]

On December 27, 2004, Levering was issued a letter of reprimand for allegedly exhibiting confrontational and inappropriate behavior, failure to follow procedure, and failure to follow instructions.  The letter warned Levering that continuing such conduct may result in more serious action, including termination from her employment.

---

the Court is Defendants' motion to dismiss.

[2]Pursuant to 16 U.S.C. § 590h(b)(5), the United States Secretary of Agriculture is required to administer specific United States Department of Agriculture (USDA) programs through State, County, and local government.  In compliance with § 590h(b)(5), the Secretary delegates administrative authorities to State, County, and community committees under 7 C.F.R. 7.2., of which the Morrow County FSA is one.

[3]Hinton was in her late twenties and early thirties during the relevant time period.

Over the course of the next year, Hinton's evaluations of Levering's work did not improve. On October 27, 2005, Hinton issued a "Letter of Proposal" to suspend Levering without pay for fourteen days. Levering appealed her suspension to the Morrow County FSA Committee, but it upheld her proposed suspension on November 28, 2005. Next, Levering appealed to the Ohio State FSA Committee, which upheld her suspension on February 3, 2006.

Following the Ohio State FSA Committee's rejection of her appeal, Levering appealed her suspension to the Merit Systems Protection Board (MSPB)[4] on March 10, 2006, alleging that her suspension was in retaliation for her whistle-blowing disclosures about Hinton. The MSPB ordered both parties to show cause as to why Levering's claim should not be dismissed for lack of subject matter jurisdiction. After considering both parties' responses to the show cause order, the MSPB dismissed Levering's action on August 30, 2006, holding that it lacked subject matter jurisdiction because Levering was not a federal employee.

On July 3, 2007, the Federal Circuit upheld the MSPB's conclusion that it lacked subject matter jurisdiction, holding that employees of local and state Farm Services Agencies, like Levering, are not federal employees as defined by 5 U.S.C. § 2105(a)(1). *Levering v. Merit Sys. Protection Board*, No. 2007-3088, 2007 WL 2184041, at *10 (Fed. Cir. 2007). Specifically, the court reiterated that county committees, not the federal government, retain the power to appoint FSA employees and thus those employees do not qualify as federal employees pursuant to 5 U.S.C. § 2105(a)(1). *Id.* (citing *Hedman v. Department of Agriculture*, 915 F.2d 1552 (Fed Cir. 1990).

---

[4]The MSPB is a quasi-judicial government agency that provides for independent adjudication of appeals of personnel actions taken against federal employees. It was created by the Civil Service Reform Act of 1978.

On March 14, 2006, four days after appealing her suspension with the MSPB, Levering was terminated from her position with the Morrow County FSA for reasons categorized as failures to follow instructions and knowingly making an incorrect entry on an official document. Two weeks later Levering filed a complaint with the Equal Employment Opportunity office, alleging that her suspension and termination were due to age and gender discrimination by the Morrow County FSA. An EEO administrative law judge ordered the agency to issue a final agency decision by July 2007 pursuant to 29 C.F.R. § 1614.110(b), but a timely decision was not reached, and Plaintiff subsequently filed this action on September 28, 2007.

### III. STANDARD OF REVIEW

#### A. Dismissal For Lack of Subject Matter Jurisdiction

When a defendant raises the issue of lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, the plaintiff has the burden of proving jurisdiction in order to survive the motion to dismiss. *DXL, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004); *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack is a challenge to the sufficiency of a complaint, and when considering the motion, the court must view the material allegations of that complaint as true and construe them in the light most favorable to the nonmoving party. *Id*. A factual attack is a challenge to the factual existence of subject matter jurisdiction. *Id*. No presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and to satisfy itself as to the existence of

its power to hear the case. *Id.*; *Moir*, 895 F.2d at 269.  When there is an attack on the factual basis for jurisdiction, the district court must weigh the evidence, and the plaintiff has the burden of proving that the court has jurisdiction over the subject matter. *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005).

### B.  Dismissal for Failure to State a Claim on Which Relief Can be Granted

A motion to dismiss under Rule 12(b)(6) is designed to test "whether a cognizable claim has been pleaded in the complaint." *Scheid v. Fanny Farmer Candy Shops, Inc.* 859 F.2d 434, 436 (6th Cir. 1988).  In considering such a motion, the Court is limited to evaluating whether a plaintiff's complaint sets forth allegations sufficient to make out the elements of a cause of action. *Windsor v. The Tennessean,* 719 F.2d 155, 158 (6th Cir. 1983).  Dismissal under Rule 12(b)(6) streamlines litigation by "dispensing with needless discovery and fact-finding" on claims that are legally untenable in the first place.  *See Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

All factual allegations made by a plaintiff are deemed admitted and ambiguous allegations must be construed in her favor.  *Murphy v. Sofamor Danek Gp., Inc.,* 123 F.3d 394, 400 (6th Cir. 1997).  Although "a complaint need not contain 'detailed' factual allegations, its '[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, ___US___, 127 S. Ct. 1955, 1964-65 (2007).

This liberal standard of review does require more than the bare assertion of legal conclusions. *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citation omitted).  Under

the federal pleading requirements, a plaintiff's complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  *See* FED. R. CIV. P. 8(a)(2). The short and plain statement must "give the defendant fair notice of what plaintiff's claim is, and the grounds upon which it rests."  A complaint must contain either direct or inferential allegations with respect to all the material elements necessary to sustain a recovery under some viable legal theory.  *Id*. (citations omitted).

## IV.  LAW AND ARGUMENT

### A.  Plaintiff's Employment Status

As a preliminary matter, it is important to address the fact that the Plaintiff was not a federal employee while working for the Morrow County FSA, but rather she acted under color of state law.  The Court will recognize the preclusive effect of the Federal Circuit's earlier holding in this case, with respect to this exact same issue, because it was raised and fully litigated by the parties.  *See Hooker v. Federal Election Com'n.*, 21 Fed. App'x 402, 405 (6th Cir. 2001) (explaining that an issue is precluded from being re-litigated if: (1) the precise issue raised in the present case was raised and actually litigated in the prior proceeding; (2) determination of the issue was necessary to the outcome of the prior proceeding; (3) the prior proceeding resulted in a final decision on the merits; and (4) the party against whom estoppel is sought had a full and fair opportunity to litigate the issue in the prior proceeding.).  Thus, Defendants are precluded from arguing that employees of the Morrow County FSA and the Ohio State FSA are federal employees.

**B. Defendants' 12(b)(1) Motions**

<u>1.  Counts VI & VII: Plaintiff's State and Federal Constitutional Claims</u>

In Count VI of the Complaint, Plaintiff alleges retaliation in violation of state and federal guarantees of free speech, the right to petition the government for redress of grievances, and due process.  In Count VII, she alleges a conspiracy to deny constitutionally protected rights.

Defendants assert that this Court lacks subject matter jurisdiction to hear these claims. In support, Defendants note that Title VII and the Age Discrimination in Employment Act are intended to provide the exclusive remedy for federal employees to recover for employment discrimination  on the bases of sex or age.  Citing *Brown v. General Ser. Admin.*, 425 U.S. 820, 835 (1976); *Boddy v. Dean*, 821 F.2d 346, 352 (6th Cir. 1987) (abrogated on other grounds).

As discussed in Section IV(A), Plaintiff was not a federal employee and thus Defendants' citation to the exclusivity of Title VII and the ADEA for federal employees is inapplicable.  Section 1983 and 1985 give Plaintiff the right to sue anyone that deprived, or conspired to deprive, her of constitutionally protected rights while acting under color of state law.  42 U.S.C. § 1983; 42 U.S.C. § 1985; *See also Hahn v. Star Bank*, 190 F.3d 708, 717 (6th Cir. 1999).

Accordingly, Defendants' Rule 12(b)(1) motion is hereby **DENIED** with respect to Counts VI and VII.

<u>2.  Count IX: Plaintiff's Retaliation in Violation of Public Policy Claim</u>

In Count IX of the Complaint, Plaintiff asserts that Defendants Hinton, Leslie, Herzog, and Garringer all retaliated against her because she reported their alleged engagement in

unlawful practices. Plaintiff argues that this retaliation is in violation of Ohio common law's clearly expressed public policy prohibiting reprisal against employees who report the unlawful behavior of co-employees.

Defendants argue that the United States has not waived sovereign immunity to be sued under Ohio common law, and thus this Court lacks jurisdiction to hear Plaintiff's claim.

As discussed in Section IV(A), Morrow County FSA and Ohio State FSA employees are not federal employees, therefore, it is irrelevant whether or not the United States has waived sovereign immunity with respect to Ohio common law for purposes of Plaintiff's claim against Defendants Hinton, Leslie, and Garringer. Defendant Herzog, however, does not work for a local or state FSA Committee. Instead, Herzog is an Labor Relations Specialist for the FSA and thus this Court has no legal basis from which to hear Plaintiff's claim against her.

Accordingly, Defendants' Rule 12(b)(1) motion to dismiss Count IX is **DENIED** with respect to Defendants Hinton, Leslie, and Garringer, and **GRANTED** with respect to Defendant Herzog.

### 3. Count X: Plaintiff's Breach of Employment Contract Claim

In Count X of the Complaint, Plaintiff claims that procedural and substantive rights guaranteed by her contract with the Defendant FSA were violated. She brings a breach of contract claim and seeks monetary damages of less than $10,000.

Defendants argue that Plaintiff has failed to show how the United States has waived sovereign immunity to be sued in a district court for an alleged breach of contract. Plaintiff counters that under the Tucker Act, 28 U.S.C. § 1346, United States district courts have concurrent jurisdiction with the Federal Court of Claims for non-tort contract actions against the

United States.

In relevant part, the Tucker Act provides that "district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of . . . (2) any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States . . . ." 28 U.S.C. § 1346(a)(2).  Plaintiff has explicitly made a contract claim against the United States for less than $10,000.  This Court, therefore, has jurisdiction to hear Plaintiff's claim.

Accordingly, Defendants' Rule 12(b)(1) motion is hereby **DENIED** with respect to Counts X.

### C. Defendants' Joint 12(b)(1) & 12(b)(6) Motions

#### 1.  Counts I & IV: Plaintiff's Hostile Work Environment Claim, and Suspension and Removal Claim

In Count I of the Complaint, Plaintiff claims that the Defendants were responsible for creating a hostile work environment for Plaintiff, due to her gender and age, in violation of Title VII, the ADEA, and Ohio Revised Code § 4112.  In Count IV she claims that age and sex were determining factors in Defendants' decision to suspend and later terminate her, in violation of Title VII, the ADEA, and Ohio Revised Code § 4112.

Defendants make four arguments for dismissal.  First, Defendants argue that Title VII and the ADEA do not provide for liability against individually named defendants, barring unique circumstances that do not apply in this case.   Second, Defendants argue that the Plaintiff has failed to allege the necessary elements to demonstrate a prima facie case of hostile work

-9-

environment discrimination, or discriminatory suspension and removal, under Title VII or the ADEA. Third, Defendants argue that because Title VII and the ADEA provide the exclusive remedy for federal employees, this Court does not have subject matter jurisdiction to hear Plaintiff's claim of violation of O.R.C. § 4112.[5] Lastly, Defendants ask the Court to decline to exercise supplemental jurisdiction over Plaintiff's state law claim should it dismiss all of Plaintiff's federal claims.[6]

Plaintiff does not dispute Defendants' argument that the individually named Defendants cannot be held liable under Title VII or the ADEA. Plaintiff does contend, however, that she put forth sufficient factual assertions of direct and indirect discrimination by Defendants in her Complaint to survive a motion to dismiss. Specifically, Plaintiff pled that her supervisor, Defendant Hinton, expressly stated that she did not like working with older women. Plaintiff also asserted that as a result of this animosity she was publicly disparaged, demeaned, called incompetent, targeted and scrutinized to an extreme degree, and intimidated to the point that she could not effectively perform the duties of her job.

The Sixth Circuit has held that Congress did not intend for individuals to face liability under Title VII or the ADEA, unless the individual qualifies as an employer under a statutory definition. *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 406 (6th Cir. 1997); *Hiler v. Brown*, 177 F.3d 542, 546 (6th Cir. 1999). Plaintiff has not identified any statutory definition of "employer" that would include the individually named Defendants in this case, and the Court finds none.

---

[5]As discussed above, Plaintiff was not a federal employee, and therefore, the Court rejects Defendants' argument. *See* Section IV(A).

[6]This request is rendered moot by the Court's partial denial of Defendants' motion to dismiss all federal claims.

Consequently, the individually named Defendants cannot be held liable under Title VII or the ADEA.

Plaintiff's argument concerning the sufficiency of her pleading in Counts I and IV, however, is well-taken. Indeed, in employment discrimination cases, a plaintiff need not assert facts that establish a prima facie case under *McDonnell Douglass*. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-12 (2002) (holding that, "[t]he prima facie case under *McDonnell Douglass*, however, is an evidentiary standard, not a pleading requirement. . . under a notice pleading system, it is not appropriate to require a plaintiff to plead facts establishing a prima facie case because the *McDonnell Douglass* framework does not apply in every employment discrimination case."). Based on the allegations asserted in the Complaint, this Court finds that Plaintiff has sufficiently "raise[d] a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters*, 502 F.3d at 548.

Accordingly, Defendant's motion to dismiss Counts I and IV is **GRANTED** with respect to the individually named Defendants, and **DENIED** with respect to the other named Defendants.

2.  Counts II & III: Plaintiff's Retaliation, and Retaliation Against Third Parties Claims

In Counts II and III, Plaintiff claims that the she, and three Morrow County Committee members who opposed her suspension, were subject to retaliation in violation of Title VII, the ADEA, and O.R.C. § 4112..

Defendants argue that: (1) Title VII and the ADEA do not provide for liability against

these individually named defendants;[7] (2) the Plaintiff has failed to allege the necessary elements to demonstrate a prima facie case of retaliation under Title VII or the ADEA; (3) that the Court has no subject matter jurisdiction to hear Plaintiff's claim of retaliation against third-parties; and (4) that because Title VII and the ADEA provide the exclusive remedy for federal employees, this Court does not have subject matter jurisdiction to hear Plaintiff's claim of violation of O.R.C. § 4112.[8]

Defendants assert that Plaintiff cannot establish a prima facie case because she did not engage in protected activity, and even if she did, she cannot show a causal connection. To establish a prima facie case of retaliation under either Title VII or the ADEA, a plaintiff must demonstrate that: (1) she engaged in legally protected activity; (2) that the defendant knew of this exercise of her protected rights; (3) that the defendant consequently took adverse action against the plaintiff; and (4) that there is a causal connection between the protected activity and the employment action. *Strouss v. Mich. Dep't of Corrections*, 250 F.3d 336, 342 (6th Cir. 2001). Defendants argue that Plaintiff's filing of charges with the EEO did not occur until after she had been terminated from her job, and that her filing with the MSPB came only four days before her firing and thus cannot possibly be related. Defendants also argue that any informal complaints that she made before her suspension and termination do not constitute protected activity because she did not explicitly state that she thought age or gender was the reason behind her allegedly improper treatment. As far as causal connection, Defendants argue that the

---

[7]For the reasons stated in Section IV(C)(1) above, the Court will dismiss Plaintiff's Title VII and ADEA claims against the individually named Defendants.

[8]For the reasons stated in Section IV(A) above, Plaintiff was not a federal employee, and therefore, the Court rejects Defendants' argument.

-12-

aforementioned timing of events is insufficient to prove causality and that Plaintiff's informal complaints were not protected activity and thus cannot be considered for causality purposes.

Plaintiff responds that the Defendants have inappropriately asked the Court to weigh evidence based on a 12(b)(6) motion to dismiss. The Court agrees. Based on the EEO filing, the MSPB filing, and Plaintiff's informal complaints within the Morrow County and Ohio State FSA, Plaintiff has sufficiently alleged that she engaged in protected activity. If a plaintiff complains to anyone who works for her employer about allegedly unlawful practices, that is protected activity. *Butts v. McCullough*, 237 Fed. App'x 1, 5 (6th Cir. 2007). Construing the allegations in favor of Plaintiff, she has easily pled that she engaged in protected activity. Further, the MSPB filing and Plaintiff's alleged complaints to fellow employees came before her termination. This is sufficient to implicate the possibility of causality between her activity and Defendants' adverse actions. The Court refuses to weigh the strength of the evidence upon a 12(b)(6) motion to dismiss.

The Court also finds that Plaintiff's standing to bring a third-party retaliation claim has been firmly established in this circuit. *E.E.O.C. v. Ohio Edison Co.*, 7 F.3d 541, 543 (6th Cir. 1993) (holding that "[s]ince tolerance of third-party reprisals would, no less than the tolerance of direct reprisals, deter persons from exercising their protected rights under Title VII, the Court must conclude, as has the only other court to consider the issue . . . that [Title VII] proscribes the alleged retaliation of which plaintiff complains.").

Accordingly, Defendant's motion to dismiss Counts II and III is **GRANTED** with respect to the individually named Defendants, and **DENIED** with respect to the other named Defendants.

3.  Counts V: Plaintiff's Intimidation of Witnesses, Public Servants, and Elected Officials Claim

In Count V, Plaintiff claims that she has been deprived of rights and privileges guaranteed by O.R.C. § 2921.03 and 18 U.S.C. § 1505 without due process of law, and therefore is seeking damages pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988(b).  Count V names Defendants Hinton, Garringer, Herzog, and Leslie as those responsible for Plaintiff's deprivation.

First, Defendants' argue that because Title VII and the ADEA provide the exclusive remedy for federal employees, this Court does not have subject matter jurisdiction to hear Plaintiff's claim.  Second, Defendants' argue that Count V fails to state a claim for which relief can be granted because the named Defendants are all federal employees, and thus § 1983 is inapplicable.  *See Wheeldin v. Wheeler,* 373 U.S. 647, 650 n.2 (1963) (holding that only those acting under color of state law can be held liable via § 1983).  Third, Defendants argue that O.R.C. § 2921.03 is an action in tort, and federal employees or agencies may not be sued in tort pursuant to the Federal Tort Claims Act (FTCA) until all administrative remedies have been exhausted.  Lastly, Defendants argue that 18 U.S.C. § 1505 is a criminal statute that provides no private cause of action, and thus Plaintiff has failed to state a claim for which relief may be granted.

The Defendants first two arguments have already been addressed and rejected by the Court.  For the reasons stated in Section IV(A) above, Plaintiff was not a federal employee, and therefore, the Court will not dismiss Count V on this basis.  The Court has also ruled that the Defendants named in Count V were not federal employees, with the exception of Defendant Herzog, and thus Defendants' § 1983 and FTCA argument fails with respect to Defendants

Hinton, Garringer, and Leslie.

Defendants' last argument, however, is well-taken.  In *Hamilton v. Reed*, 29 Fed. App'x 202, 204 (6th Cir. 2002), the court held that 18 U.S.C. § 1505 does not provide a private right of action. There, the court found that § 1505 "concern[s] criminal, rather than civil, offenses. Thus, a private cause of action may not be brought for the alleged violations of these federal statutes."

Accordingly, Defendants' Rule 12(b)(1) motion to dismiss Count V is **DENIED** with respect to Defendants Hinton, Leslie, and Garringer, and **GRANTED** with respect to Defendant Herzog.  Defendants' Rule 12(b)(6) motion to dismiss 18 U.S.C. § 1505 from Count V is hereby **GRANTED**.

4.  Count VIII: Plaintiff's Privacy Act Claim

In Count VIII, Plaintiff claims that the Defendants' violated the Privacy Act, 5 U.S.C. § 552a(e)(7), by keeping a running record of practically all of Plaintiff's speech at work from December 28, 2004, until March 1, 2006.

The Privacy Act provides that federal agencies shall "maintain no record describing how any individual exercises rights guaranteed by the First Amendment."  5 U.S.C. § 552a(e)(7). Section 552a(e)(7) provides an exception, however, for records that are "pertinent to and within the scope of an authorized law enforcement activity. . . ."

Defendants move to dismiss pursuant to Rule 12(b)(6) by arguing that an agency does not violate the Privacy Act if it records, for evaluative or disciplinary purposes, statements made by employees while at work because that behavior falls within the "law enforcement" exception to § 552a(e)(7).  Defendants' argument, however, has not been accepted by the Sixth Circuit.

Defendants have errantly block-quoted a District of Columbia Circuit Court of Appeals'

application of the law enforcement exception in § 552a(e)(7) to the employer-employee context,[9] and attributed it to the Sixth Circuit's decision in *Jabara v. Webster*, 691 F.2d 272 (6th Cir. 1982). Though, in actuality, the Sixth Circuit in *Jabara* limited the § 552a(e)(7) exception to record keeping that has "a direct nexus to an authorized criminal, civil, or administrative law enforcement activity." *Id.* at 280. The Sixth Circuit has not expanded the definition of "law enforcement" to include the general employer-employee context. In conformance with Sixth Circuit case law, this Court will not give the law enforcement exception in § 552a(e)(7) the expansive reading that Defendants request.

Accordingly, Defendants' Rule 12(b)(6) motion to dismiss Count VIII is hereby **DENIED**.

### 5. Count XI: Plaintiff's Intentional Infliction of Emotional Distress Claim

In Count XI, Plaintiff requests compensatory and punitive damages. Plaintiff asserts that these damages are independently awardable in Title VII and ADEA retaliation cases.

Plaintiff is mistaken. The court in *Boddy* was clear that, "[i]t is settled beyond dispute in this circuit that a plaintiff may not recover either compensatory or punitive damages in a Title VII action." *Boddy*, 821 F.2d at 352. Other circuits have either rejected or not resolved whether such damages are available under the ADEA,[10] and the Sixth Circuit has yet to rule on the issue.

---

[9]*Nagel v. U.S. Dep't. Of Health, Educ. And Welfare*, 725 F.2d 1438, 1441 n.3 (D.C. Cir. 1984) (holding that the "'law enforcement' exception is confined to the employer-employee relationship. If an agency compiles records describing the exercise of First Amendment rights by an individual who is not an employee of that agency, it is unlawful unless there is some other basis which renders the information 'relevant to an authorized criminal investigation or to an authorized intelligence or administrative one.'" (quoting *Jabara*, 691 F.2d at 280)).

[10]*See* PROPRIETY OF AWARDING COMPENSATORY DAMAGES FOR PAIN AND SUFFERING IN ACTION UNDER § 7 OF AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967 (29 U.S.C.A. § 626),

Without discussion of compensatory or punitive damages in the text of the Act, or binding precedent, this Court refuses Plaintiff's request to extend such damages to the ADEA.

Accordingly, Defendants' motion to dismiss Count XI is hereby **GRANTED**.

## V. CONCLUSION

For the foregoing reasons:

1. Count I: Defendant's motion to dismiss Counts I is **GRANTED** with respect to the individually named Defendants, and **DENIED** with respect to the other named Defendants.
2. Count II: Defendant's motion to dismiss Counts II is **GRANTED** with respect to the individually named Defendants, and **DENIED** with respect to the other named Defendants.
3. Count III: Defendant's motion to dismiss Counts III is **GRANTED** with respect to the individually named Defendants, and **DENIED** with respect to the other named Defendants.
4. Count IV: Defendant's motion to dismiss Counts IV is **GRANTED** with respect to the individually named Defendants, and **DENIED** with respect to the other named Defendants.
5. Count V: Defendants' motion to dismiss Count V is **DENIED** with respect to Defendants Hinton, Leslie, and Garringer, and **GRANTED** with respect to Defendant Herzog. Defendants' Rule 12(b)(6) motion to dismiss 18 U.S.C. § 1505 from Count V is hereby **GRANTED**.
6. Count VI: Defendants' motion is hereby **DENIED** with respect to Counts VI.
7. Count VII: Defendants' motion is hereby **DENIED** with respect to Counts VII.
8. Count VIII: Defendants' motion to dismiss Count VIII is hereby **DENIED**.
9. Count IX: Defendants' Rule motion to dismiss Count IX is **DENIED** with respect to Defendants Hinton, Leslie, and Garringer, and **GRANTED** with respect to Defendant Herzog.
10. Count X: Defendants' motion is hereby **DENIED** with respect to Counts X.
11. Count XI: Defendants' motion to dismiss Count XI is hereby **GRANTED**

**IT IS SO ORDERED.**

---

52 A.L.R. 837 (2008).

                                      <u>s/Algenon L. Marbley</u>
                                      **ALGENON L. MARBLEY**
                                      **United States District Court Judge**

**DATE: September 25, 2008**